CARL E. DOUGLAS, Esq., State Bar No. 097011
THE DOUGLAS FIRM
A Professional Corporation
8484 Wilshire Boulevard, Suite 548
Beverly Hills, California 90211
(323) 655-6505   Fax: (323) 651-4990
carl@thedouglasfirm.com

Paul L. Hoffman, Esq., State Bar No. 71244
SCHONBRUN DE SIMONE SEPLOW HARRIS AND HOFFMAN, LLP
72 Ocean Front Walk
Venice, California 90291
(310) 396-0731 Fax: (310) 399-7040
hoffpaul@aol.com

Benjamin L. Crump, Esq.
PARKS & CRUMP, LLC
240 North Magnolia Drive
Tallahassee, Florida 32301
(877) 529-9529 Fax: (850)224-6679
BenCrump@parkscrump.com

Attorneys for Plaintiff RONALD WEEKLEY, JR.

FILED
CLERK, U.S. DISTRICT COURT
JUL - 1 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CASE NO. CV13-4760 RZ

RONALD WEEKLEY, JR.

    *Plaintiffs*,

    v.

CITY OF LOS ANGELES
and 20 Unknown Other Named
Defendants,

    *Defendants.*

**COMPLAINT FOR DAMAGES**

1. Civil Rights Violations
   (42 U.S.C. § 1983, 1985 & 1986);

**JURY TRIAL DEMAND**

- 1 -

COMPLAINT FOR DAMAGES

# I.

## **INTRODUCTORY ALLEGATIONS**

1. This case arises from the unjustified beating and arrest of Ronald Weekly Jr on the doorstep of his apartment building in Venice, California, on August 18, 2012. Mr. Weekly, a college student home for the summer, did nothing to provoke the LAPD officers involved in the incident. He was simply on his way home and minding his own business. Only in a police department where the use of excessive force is endemic and tolerated and where officers engage in such force with impunity could an incident like this occur. Mr. Weekley brings this case to hold the officers involved and the city accountable for the violation of his fundamental civil rights.

2. Jurisdiction is vested in this court under 28 U.S.C. § 1343(a)(3)(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983, 1985 and 1986 §§ 1331 and 1367(a). Jurisdiction is also vested in this court under the ancillary jurisdiction of the court.

3. Venue is proper in the Central District of California and the County of Los Angeles under 42 U.S.C. § 1402(b) because the incidents alleged here occurred in this District.

4. At all relevant times mentioned here, Plaintiff RONALD WEEKLEY, JR. ("RONALD" or "Mr. WEEKLEY") was an African American resident of Los Angeles County, California.

5. At all relevant times mentioned here, the Defendant CITY OF LOS ANGELES ("CITY") was a municipal corporation, organized and existing under the laws of the State of California.

6. Plaintiff is unaware of the true names and capacities of those Defendants sued as 20 Unknown Other Named Defendants ("Unknown Defendants") and therefore sues these Defendants using their fictitious names. The Plaintiff has not yet had access to police reports concerning the incident to learn the true names of the other deputies and/or officers who were then present at the time of Mr. WEEKLEY's

attack.  The Plaintiff will amend this complaint to allege each Unknown Defendant's true name and capacity when that information becomes known.  The Plaintiff is informed and believes that each of these Unknown Defendants is legally responsible and liable for the incident, injuries and damages set forth here, and that each of these Unknown Defendants legally caused the injuries and damages by reason of the intentional, willful, deliberately indifferent, wanton, malicious or despicable conduct as described below.

7.    At all relevant times mentioned here, each of the Unknown Defendants 1 through 20 was a police officer employed by the CITY, and was the agent, employee, and/or co-conspirator of each of the remaining Defendants, and in doing the things alleged here, was acting under color of law, within the course and scope of that agency, employment and/or conspiracy, and with the consent of each of their co-defendants.

8.    This lawsuit concerns an incident that occurred during the afternoon hours on or about August 18, 2012, at or near 610 Sixth Ave. Venice, CA. 90291, RONALD was walking down the street and entering the apartment building where he lives, when he was stopped Unknown Defendants 1 - 20, who were  members of the Los Angeles Police Dept.    After being stopped, the Unknown Defendants threatened to hit, beat, and  strike Mr. WEEKLEY and did so without any justification.  As a result of their actions Mr. WEEKLEY sustained serious physical, emotional and psychological injuries and damages.

9.    RONALD did not consent to this use of force against him.  Moreover, he had engaged in no action or committed any offense which would have justified this use of serious force against him.  He posed no threat  to the involved Unknown Defendants,  or to any other person, that could have justified the use of force against him.

10.   Mr. WEEKLEY is informed and believes that his  race,  was a substantial factor leading to the Defendants' decision to use excessive force against him.   None

- 3 -

COMPLAINT FOR DAMAGES

of the Defendants who assaulted, battered, and struck RONALD was African American. Mr. WEEKLEY maintains that given the identical circumstances to which the Unknown Defendants were then presented, had he been the same race as the Unknown Defendants, they would not have perceived RONALD's actions as threatening, justifying their use of severe force against him. Consequently, in choosing to assault and batter Mr. WEEKLEY, each of the Unknown Defendants discriminated against RONALD on account of his race.

11. RONALD is informed and believes that right after Defendants used force against him, it was clear, or through the exercise of reasonable diligence should have been clear, that RONALD was then in immediate need of medical attention. Nevertheless, each of the Unknown Defendants who were present at the scene, intentionally, and/or with a deliberate indifference to RONALD's rights and safety, failed to immediately summon medical assistance to the scene to attend to his injuries. Instead, RONALD was driven away from the scene of the attack in a patrol car, rather than in an ambulance, and driven to various locations in Los Angeles, all the while being refused to be given the medical attention he needed. This intentional delay in seeking medical assistance demonstrated a conscious and/or reckless disregard for RONALD's medical condition, and was a substantial factor in increasing the extent of RONALD's pain, suffering, and emotional distress.

12. As a legal result of each of the Unknown Defendants' conduct as described here, Mr. WEEKLEY has suffered severe physical and emotional pain and injury to his mind and body, all in an amount to be determined according to proof at trial.

13. As a further legal result of each of the Unknown Defendants' conduct, RONALD has been required to employ and did employ physicians, surgeons, and psychologists to examine, treat and care for him. He has incurred additional medical costs for past hospital bills and other incidental medical expenses, and expects to incur similar medical expenses in the future, all in an amount to be determined

COMPLAINT FOR DAMAGES

according to proof at trial.

14.  As a further legal result of each of the above-mentioned defendants' conduct, Mr. WEEKLEY has lost wages in the past and will lose wages in the future, all in an amount to be determined according to proof at trial.

## MONELL ALLEGATIONS

15.  Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), CITY is liable for all injuries sustained by Plaintiff as set forth herein.  CITY bears liability because its policies, practices and/or customs caused Plaintiff's injuries.  CITY and its officials maintained or permitted one or more of the following official policies, customs, or practices:

  A.  Failure to provide adequate training and supervision to police officers with respect to constitutional limits on use of force, detention, and provision of medical care;

  B.  Failure to adequately discipline or retrain officers involved in misconduct;

  C.  Selection, retention, and assignation of officers with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct;

  D.  Condonation and encouragement of officers in the belief that they can violate the rights of persons such as Plaintiff with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;

  E.  Failure to provide proper and adequate medical care to arrestees and detainees;

  F.  Retaining, assigning and selecting officers with known propensities for excessive force, violence, dishonest and other misconduct and failing to take adequate steps to discipline such persons.

  I.  Failure to practice and enforce proper reporting and investigation of use of

COMPLAINT FOR DAMAGES

force by LAPD employees;

J. Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint.

16. In particular, the city has a policy and/or custom of cursorily investigating use of force, such that between 2007 and 2010, only .3% of use of force incidents were found to be out of policy, and only .2% of use of force incidents received a finding of Administrative Disapproval. The Inspector General found in 2013 that the documentation procedures involved in the investigation are often inadequate.

17. At the time of the incident, the City had no tactical directive specifically counseling officers about kicks and strikes, and in particular the City did not train officers not to kick and strike a prone suspect or to avoid striking the suspect's head.

## II.

## CLAIM FOR RELIEF

**(PLAINTIFF RONALD WEEKLEY JR**

**AGAINST 20 UNKNOWN OTHER NAMED DEFENDANTS FOR**

**VIOLATION OF FEDERAL CIVIL RIGHTS**

**(42 U.S.C. §1983, 1985 and 1986)**

18. Mr. WEEKLEY incorporates by reference the allegations in Paragraphs 1 through 17 above as if fully set forth here.

19. This cause of action is designed to redress the deprivation, under color of law, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to Mr. WEEKLEY by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. §§1983, 1985 and 1986.

20. At all relevant times mentioned here, the Defendant CITY employed Unknown Defendants 1 - 20  as  as police officers or othe  employees of the Los Angeles Police  Department. The CITY provided these employees and agents with

- 6 -

COMPLAINT FOR DAMAGES

official badges, identification, and uniforms which designated and described its bearer as a CITY employee.

21. On or about August 18, 2012, at or near 610 Sixth Ave. Venice, CA. 90291, RONALD was walking down the street and entering the apartment building where he lives, when he was stopped Unknown Defendants 1 - 20.   After being stopped, the Unknown Defendants threatened to hit, beat, and  strike Mr. WEEKLEY with their fists, and did in fact hit, beat, and strike RONALD.  As a legal result of their actions Mr. WEEKLEY sustained serious physical, emotional and psychological injuries.

22. RONALD did not consent to this use of force against him.  Moreover, he engaged in no action or committed any offense which would have justified this use of serious force.  He had posed no threat to the involved Unknown Defendants, or to any other person so as to justify this use of force against him, nor would any reasonable person have believed he posed any threat.

23. Mr. WEEKLEY is  informed and believes that after he was beaten, each of the Unknown Defendants then willfully and intentionally undertook to protect their fellow Defendants involved in this incident from civil and criminal liability for their misconduct by covering up the true facts of their interaction with RONALD, as well as the true facts leading to his wrongful attack, in violation of each of his constitutional rights.  These facts include but are not limited to: (a)  the preparation or approval of false reports concerning the incident; (b) the giving of false statements to others investigating the incident; and (c) intentionally and wilfully refraining from collecting or recording other evidence, including statements from witnesses in the vicinity of the incident.

COMPLAINT FOR DAMAGES

24. The facts alleged above are an unfortunate part of the customs, practices, policies, and CITY including but not limited to the following:

    (a) Covering up the criminal and/or wrongful activities of fellow law enforcement officers, by false reporting, false investigating, perjury, dishonesty, and engaging in a "code of silence" in violation of RONALD's rights and privileges and other citizens subjected to the use of unreasonable force and unreasonable seizures of their person;

    (b) Inadequately and/or fraudulently investigating allegations of misconduct by fellow law enforcement officers, including the use of force, in order to cover-up and protect fellow officers from disciplinary, administrative, criminal and civil actions in violation of RONALD's rights and privileges;

    (c) Refusing to supervise, reprimand and/or discipline law enforcement officers who engage in misconduct, contrary to the laws, rules and regulations of the Los Angeles Police Department, thus condoning the use of force by its deputies, officers, and agents;

    (d) Tacitly approving law enforcement officers using their power and position to interfere with Mr. Weekly's and other citizens' rights, including the right to be free in their bodily integrity, and security in their person.

25. The above acts or omissions of each of the Unknown Defendants 1 - 20 were undertaken while under the color of state law, and resulted in the violation of RONALD's constitutional rights, as stated here. Likewise, the customs, practices, policies, and decisions of the CITY alleged here and as applied to RONALD under these facts, have resulted in a violation of his constitutional rights.

26. RONALD had a liberty interest to be free from the use of excessive force against him. These rights and privileges were secured to him by the provisions of the

- 8 -

COMPLAINT FOR DAMAGES

First and Fourth Amendments and the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and by 42 U.S.C. § 1983, 1985 and 1986. Defendant's actions were also motivated by the fact that Mr. Weekly is an African American and such purposeful racial discrimination providea an additional basis for Defendants' liability.  All of these interests were implicated by the Unknown Defendants' wrongful conduct which legally caused Mr. WEEKLEY's damages, injuries, and harms.

27.  Defendants CITY and Unknown Defendants  1 - 20, acted outside the scope of their jurisdiction and without legal authorization.  Each of the Defendants, separately and in concert with each other, acted willfully, intentionally, knowingly, and/or with reckless disregard and callous indifference to deprive RONALD of his rights and privileges, and did in fact violate these rights and privileges.

28.  As a direct and legal result of these acts, omission, customs, practices, policies and decisions of each of the Unknown Defendants, RONALD's civil rights were violated when he was assaulted and battered.

29.  As a further legal result of each of the Unknown Defendants' conduct as described here, Mr. WEEKLEY has suffered severe physical and emotional pain and injury to his mind and body, all in an amount to be determined according to proof at trial.

30.  As a further legal result of each of the Unknown Defendants' conduct, RONALD has been required to employ and did employ physicians, surgeons, and psychologists to examine, treat and care for him.  He has incurred additional medical costs for past hospital bills and other incidental medical expenses, and expects to incur similar medical expenses in the future, all in an amount to be determined according to proof at trial.

31.  As a further legal result of each of the above-mentioned defendants' conduct, Mr. WEEKLEY has lost wages in the past and will lose wages in the future, all in an amount to be determined according to proof at trial.

COMPLAINT FOR DAMAGES

32. The above-described acts committed by each of the Unknown Defendants were carried out with a conscious disregard for RONALD's safety. RONALD's mere presence on the street outside of his home did not reasonably create a physical threat to anyone justifying the use of serious force against him. In fact, the Unknown Defendants wrongly perceived that RONALD was then creating a physical threat solely because RONALD was African American. Accordingly, the Defendants' use of serious force under these circumstances was excessive, unlawful, malicious, oppressive, and done with a deliberate indifference to RONALD's Rights, justifying the imposition of punitive damages against the individual Defendants.

33. Mr. WEEKLEY is entitled to and demands trial costs, attorney fees, and litigation expenses incurred prosecuting this action, all in an amount to be determined according to proof at trial pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 2412.

**WHEREFORE**, Plaintiff prays for judgement against the Defendants as follows:

1. For general damages in an amount to be determined according to proof at trial;

2. For past and future medical expenses in an amount to be determined according to proof at trial;

3. For past and future lost wages all in an amount to be determined according to proof at trial;

4. For punitive damages against the individual defendants in an amount to be determined according to proof at trial;

    5. For costs, attorney fees and expenses in an amount to be determined according to proof at trial pursuant to 42 U.S.C. § 1988;

    6. For such other and further relief as the court deems just and reasonable.

DATED: July 1, 2013         Respectfully submitted,

**THE DOUGLAS FIRM**

**SCHONBRUN DE SIMONE SEPLOW HARRIS AND HOFFMAN & HARRISON, LLP**

**PARKS & CRUMP, LLC**

By _____
Carl E. Douglas
Paul L. Hoffman
Benjamin Crump

Attorneys for Plaintiff
**RONALD WEEKLEY, Jr.**

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues in this matter.

Dated : July 1, 2013

THE DOUGLAS FIRM

SCHONBRUN DE SIMONE SEPLOW HARRIS AND HOFFMAN, LLP

PARKS & CRUMP, LLC

By _____
Carl E. Douglas
Paul L. Hoffman
Benjamin Crump

Attorneys for Plaintiff
**RONALD WEEKLEY, Jr.**

COMPLAINT FOR DAMAGES

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
Ronald Weeldy Jr.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
City of Los Angeles, a public Entity, and 20 other unknown Named Defendants

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Schonbrun DeSimone Seplow Harris Hoffman & Harrison LLP
723 Ocean Front Walk
Venice, CA 90291
(310) 396-0731

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Los Angeles City Attorney's Office
200 North Main Street
8th Floor
Los Angeles, Ca. 90012

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Constitutional Violations pursuant to 42 USC Section 1983

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number:  CV13- 4760

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                                         CIVIL COVER SHEET                                         Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☒ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____  DATE: 07/01/2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| RONALD WEEKLY JR. <br><br> *Plaintiff(s)* <br> v. <br> CITY OF LOS ANGELES, a local public entity, and 20 other unknown named defendants <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) <br> CV13- 4760 RZ <br><br> Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Los Angeles City Attorney's Office
200 North Main Street
8th Floor
Los Angeles, Ca. 90012

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Paul L. Hoffman
Schonbrun DeSimone Seplow
Harris Hoffman & Harrison LLP
723 Ocean Front Walk
Venice, CA 90291
(310) 396-0731

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JUL - 1 2013

*CLERK OF COURT*

JULIE PRADO

Date: _____

_____
*Signature of Clerk or Deputy Clerk*