**CARL E. DOUGLAS, Esq., State Bar No. 097011**
**THE DOUGLAS FIRM**
**A Professional Corporation**
8484 Wilshire Boulevard, Suite 548
Beverly Hills, California 90211
(323) 655-6505   Fax: (323) 651-4990
carl@thedouglasfirm.com

**Paul L. Hoffman, Esq., State Bar No. 71244**
**SCHONBRUN DE SIMONE SEPLOW HARRIS AND HOFFMAN, LLP**
72 Ocean Front Walk
Venice, California 90291
(310) 396-0731 Fax: (310) 399-7040
hoffpaul@aol.com

**Benjamin L. Crump, Esq.**
**PARKS & CRUMP, LLC**
240 North Magnolia Drive
Tallahassee, Florida 32301
(877) 529-9529 Fax: (850)224-6679
BenCrump@parkscrump.com

Attorneys for Plaintiff Ronald Weekley

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RONALD WEEKLEY, JR.,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, OFFICER M. REYNOSO, OFFICER GONZALEZ, OFFICER RIVAS, OFFICER ULLOA, SERGEANT MORALES, and 15 Unknown Other Named Defendants,<br><br>Defendants. | CASE NO. CV13-4760 RZ<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>Trial Date:   June 10, 2014 |

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

1   Upon the parties' stipulation and good cause appearing therefore, the Court
2   hereby issues the following order:
3       1.   In connection with informal or formal disclosure of documents and
4   other materials in this action (including but not limited to those specified in
5   Fed.R.Civ.P. 26(a)(1)(A)(ii) and 34(a)(1)(A) and (B)), and, in connection with
6   discovery proceedings in this action, the parties may designate any document, thing,
7   material, testimony, or other information derived therefrom, as "Confidential" under
8   the terms of this Stipulated Protective Order (hereinafter "Order").  Confidential
9   information is information which has not been made public, and which contains
10  private, personal, proprietary, or otherwise sensitive information, the disclosure of
11  which may have the effect of causing harm to the parties or other entities or persons.
12  By designating a document, thing, material, testimony, or other information derived
13  therefrom as "Confidential" under the terms of this Order, the party making the
14  designation is certifying to the Court that there is a good-faith basis both in law and
15  in fact for the designation within the meaning of Federal Rule of Civil Procedure
16  26(g).
17      **GOOD CAUSE STATEMENT:**
18      2.   Good cause exists for entry of this Order.
19  In many civil rights cases Plaintiffs seek a variety of "privileged and confidential
20  documents" from Defendants during discovery. Defendants contend that documents
21  relating to the internal investigation of the matter at issue, compelled statements of
22  officers during internal investigations, the analysis of the incident, the analysis and
23  adjudication of potential discipline from the incident and other personnel records of
24  police officers, not limited to other complaint or force investigations, are subject to
25  protection from disclosure. Should the court order the disclosure of records, which
26  are currently the subject of litigation, such disclosure would be made subject to the
27  existence of a protective order. Rather than wait for the court's ruling on disclosure,
28  Defendants are willing to propose a protective order to facilitate the production of

documents if they are so ordered.

Defendants identify the following documents which they consider confidential and subject to the protections of this stipulation. This listing is not all inclusive as there may be documents with different titles, descriptions or content which fall within the privileges asserted. The documents include-
"Internal Affairs investigation" into this matter, including analysis, compelled statements, letters of transmittal, investigative summaries, analysis of past discipline, adjudication of this incident, penalties/discipline imposed.

Use of Force report and its subparts.

Other personnel complaints or Use of Force investigations into other incidents and the component subparts.

Personnel records of the police officers not limited to summaries of disciplinary history, adjudication of other incidents or complaints, and notations regarding other incidents, if any. Any personal identifying information and family information, including addresses, telephone numbers, financial data and other identifying information such as social security numbers, driver's license etc.

3.  Plaintiff, Ronald Weekley, Jr., (hereinafter "Plaintiff") alleges that he suffered physical injury and emotional injury, including Post-Traumatic Stress Disorder, as a result of the subject incident.  Plaintiff will be producing confidential medical and psychological records.

4.  Confidential documents shall be so designated by stamping/watermarking copies of the document or material produced by a party with the legend "CONFIDENTIAL" or "Confidential subject to protective order" or similar mark.  Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document or any multi-volume material, shall designate all pages of the document and all volumes of the material as confidential, unless otherwise indicated by the producing party.  The "Confidential" Watermark shall not obscure the writings or the document's legibility and shall not be repeated more than once per

page.

5. Testimony taken at a deposition which addresses the issues disclosed on the Confidential documents shall be designated as "Confidential" by making a statement to that effect on the record at that specific deposition and at the time the testimony is given. Arrangements shall be made with the court reporter transcribing the deposition to separately bind such portions of the transcript containing information designated as "Confidential", and to label such portions appropriately.

6. Material designated as "Confidential" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential (hereinafter "Confidential Material") shall be used solely for the purpose of litigating this action, and for no other action or purpose. Working or file copies of Confidential Material shall be stored and/or handled in a manner which will prevent the unauthorized disclosure thereof.

7. Confidential Material produced in this action may be disclosed or made available to the following persons (hereinafter "Qualified Persons"):

    a. Each lawyer for a party in this action, including outside and in-house lawyers and other lawyers regularly employed in their offices, and such lawyers' staff to whom it is necessary that materials be disclosed for purposes of this litigation, including paralegals, assistants, law clerks, secretaries, and document clerks;

    b. Each party, partner, officer, director, agent, or employee of a party deemed necessary by counsel to work on this action;

    c. Independent experts or consultants retained by counsel for the purpose of assisting in this litigation, including their staff to whom it is necessary that materials be disclosed for purposes of this litigation, but only to the extent necessary for such expert

1                       or consultant to perform his or her assigned tasks in connection
2                       with this litigation;
3         d.     Mediators, arbitrators, or similar outside parties and their staffs
4                       enlisted by all parties to assist in the resolution of this litigation;
5         e.     The Court and its personnel; and
6         f.     Court reporters and stenographers employed in this action.

        Each of these persons shall be provided with a copy of the protective order, if they do not already have it, and shall be made aware of the confidentiality provisions therein, prior to their review of the confidential documents. If the person is an expert, agent, representative, witness, or consultant who is not a full or part-time employee of counsel for the Parties, they shall agree in writing to be bound by this Protective Order.

        8.    This Order shall not impose any restrictions on the use of or disclosure by a party of its own Confidential Material as it deems appropriate. The party that designates the material Confidential may also choose to remove that designation at any time by notifying opposing counsel in writing that they are removing that designation and specifying explicitly which materials will no longer be considered Confidential.

        9.    Any party intending to file any material that constitutes or contains Confidential Material shall lodge that material with the court and file an application to file the documents under seal in compliance with Central District *Local Rule* 79-5.1. Prior to so doing, a party may contact the other side and request that the other side grant permission to file the material publicly. If the other side provides permission in writing, the formerly Confidential Material need not be filed under seal.

        10.    In the event that any Confidential Material is used in any court proceeding in this action, the party using such material shall take all reasonable steps to maintain its confidentiality during such use. Counsel for the parties further

1  agree that, during any portion of the trial of this action which could entail the
2  discussion or disclosure of Confidential Information, that the party who produced
3  said Confidential Information, will have an opportunity to request that access to the
4  courtroom be limited to parties, their counsel and other designated representative,
5  experts or consultants who agreed to be bound by this stipulation/protective order,
6  and court personnel.

7  11.  This Order shall be without prejudice to the right of a party (i) to bring
8  before the Court at any time the question of whether any particular document or
9  material is confidential or whether its use should be restricted, provided however,
10 that such document or material shall remain confidential and its use restricted, as
11 provided for herein, until such time as the court has ruled on the question presented,
12 or (ii) to present a motion to the Court under Federal Rule of Civil Procedure 26(c)
13 for a separate protective order as to any particular document, material, or
14 information, including restrictions differing from those specified herein.  This Order
15 shall not be deemed to prejudice the parties in any way in any future application for
16 modification of this Order.

17 12.  This Order is entered solely for the purpose of facilitating the exchange
18 of documents, material, and information between the parties to this action without
19 involving the Court unnecessarily in the process.  Neither this Order, nor the
20 production of any document, material, or information, shall be deemed to have the
21 effect of an admission or waiver by either party, or of altering the confidentiality or
22 non-confidentiality of any such document, material, or information, or altering any
23 existing obligation of any party or the absence thereof.

24 13.  If any party receives a subpoena or other request seeking information
25 which it obtained from another party and which that other party designated
26 Confidential, that party receiving the request shall immediately give written notice
27 to counsel for the designating party, identifying the Confidential Material sought
28 and the time in which production or other disclosure is required, so that the

1  designating party may object to the request or subpoena on the grounds of this
2  stipulation/protective order and/or obtain an order barring production or other
3  disclosure, or otherwise respond to the subpoena or other request for production or
4  disclosure of Confidential Material. No party shall be obligated to seek an order
5  barring production of Confidential Material; that obligation shall be borne by the
6  designating party. However, in no event should production or disclosure be made
7  without written approval by the party who initially designated the material
8  Confidential, which shall be given within the period for compliance, unless required
9  by Court Order arising from a motion to compel production or disclosure of
10 Confidential Material.

12      14.    Within sixty (60) days after the conclusion of this action, including any
13 appeals, a party to whom Confidential Material has been produced shall return all
14 such material, including copies thereof, to the producing party, or shall destroy them
15 and provide an affidavit reflecting such disposition.  However, attorney work
16 product or pleadings containing information derived from these Confidential
17 Materials may be retained in receiving counsel's files, provided that information
18 derived from Confidential Materials which has not been made public in court filings
19 or in open court shall not be used for any purpose outside this litigation.

21      15.    This Order shall survive the conclusion of this action, including any
22 appeals, to the extent that information comprising or contained in Confidential
23 Material does not become public.  The Court shall retain jurisdiction to resolve any
24 dispute concerning compliance with the terms and conditions of this Order,
25 including any alleged violation thereof.

27      This order shall not govern proceedings in connection with dispositive
28 motions or at trial. *See Foltz v. State Farm Mutual Auto Ins.*, 331 F.3d 1122 (9th Cir.

2004); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

**IT IS SO ORDERED.**

Dated: February 7, 2014

_____

**HON. RALPH ZAREFSKY**
United States Magistrate Judge